Monoure, P.,
delivered the opinion of the court:
This is a writ of error to a judgment of the circuit court of the city of Richmond, rendered in an action of ejectment, brought in said court by Pleasant Winston against Thomas T. Giles, for the recovery of certain real estate lying in and near the said city. Issue was *531 .joined on the plea of not guilty; and the parties waiving their right to have a jury, and agreeing that the whole matter of law and fact should be heard and determined, and judgment given by the court; accordingly, on the 23rd day of December 1871, all the evidence -adduced on both sides, and the argument of counsel being heard, the court was of opinion that the case was for the defendant, and gave judgment for him.
Immediately under the copy of the judgment in the transcript of the record before us, is this
“Memorandum,. The plaintiff this day excepted to an opinion of the court given against him upon the -trial of this cause, and leave is given him until the -first day of the next term to file his bill of exceptions.”
Then follows, in the transcript, a copy of an order made by the same court on the 9th day of April 1872, in which order it is stated, that the plaintiff, on that day, tendered to the court a bill of exceptions to an opinion rendered against him on the 23rd day of December 1871; that the defendant objected to the signing of said bill, and the court refused to sign the same; to which refusal of the court the plaintiff excepted, ■and tendered to the court his bill of exceptions to such .refusal; which latter bill was received, signed and sealed, and ordered to be made a part of the record. The latter bill is then set out in the transcript, and in it is embodied the former bill, which is a bill of exceptions to the judgment of the court in the case, and sets out all the evidence offered on the trial. After the insertion of that bill, there follows a statement in these words, in the bill which was signed:
“And the defendant, by his counsel, thereupon objected to the signing of said bill by the court, on the .ground that the record was closed, and that the court *532 had no power to reopen the same; which objection of the defendant, being maturely considered, was sustained, and the court refused to sign the said bill,” &c., as above stated. “And the court certifies that the judgment to which the plaintiff excepts was rendered on Saturday, December 23rd, 1871; that the court finally adjourned for that term on December 27th, 1871, and did not sit upon December 25th 1871; that the present term of this court began on the 5th day of February, 1871, and that the bill of exceptions, now tendered for signature was handed to defendants counsel some two weeks before this date.
“ And the court further certifies, that the judgment rendered by the court in the said cause on the 23d day of December 1871 was the opinion of the court, to which, as it appears by the record, the plaintiff immediately excepted, and obtained leave until the first day of this term to file a bill of exceptions; but on that day no bill was tendered; and the court being satisfied that the evidence set forth in the said bill is an accu-r rate and full statement of all the evidence submitted to the court on the trial, further certifies that its refusal at this time to sign the said bill is for the single reason alleged by the defendant in objecting thereto, viz: that the record is closed and cannot be reopened, altered, amended, or supplemented without consent of both parties.
“ And it is further certified that the said cause has. not been upon the docket of the court at this term.”
There are.two assignments of error in this case:. First, that the circuit court erred in refusing to sign the bill "of exceptions first tendered to it by the plaintiff, and considering that bill of exceptions as properly a part of the record. Second, that the said court erred *533 In giving judgment for the defendant instead of the ■plaintiff.
We will proceed to consider the first of these assignments of error, on the decision of the question arising upon which the necessity for at all considering the second will depend.
Then, did the court err in refusing to sign the said hill of exceptions?
The counsel on both sides have argued this question with much learning and ability, and have cited a great ■many cases on the subject, both from the English and American reports, in which cases there appears to be some, if not much conflict. But we deem it unnecessary to follow the counsel in the review of these cases, which would occupy much time and space, and be perhaps unprofitable. They depend generally, if not entirely, upon local statutes, decisions and practice, which do not prevail in this state; and we must look for our law on the subject to our own statutes, deeisions and practice. Looking to them alone for information, the question recurs, did the court err in refusing to sign the said bill of exceptions ?
In this question are involved two others, viz: 1st. Can a bill of exceptions to an opinion of the court .given on the trial of a cause, be signed by the court ■after the end of the term during which final judgment is rendered in the cause; at least, unless the parties to the cause consent to such signature? And, 2dly, if that can be done at all, and a day is named by the court in a succeeding term for tendering and signing such a bill, which, however, is not accordingly tendered, and of course is not signed on that day, and no notice is then taken of the matter, must the court sign a bill tendered on a later day of the term, even though *534 such bill correctly state the facts of the case and the-opinion of the court to which the exception applies ?'
In the absence of any special statute, or any authoritative decision or settled and established practice on the subject, such as exists in some other states, a bill of exceptions to an opinion given by a court on the-trial of a cause ought to be tendered at least before the end of the term during which the final judgment in the cause is rendered. A bill of exceptions, when duly tendered and signed, becomes a part of thereeord in the cause, and cannot therefore be properly or regularly added to the record of a cause after that •cause is ended by final judgment therein, and after the power of the court over it is ended by the close of' the term of the court during which the judgment is-rendered. The rule at common law is, that during the term wherein any judicial act is done, the record remains in the breast of the judges of the court and in-their remembrance, and therefore the roll is alterable-during that term as the judges shall direct; but when that term is past, then the record is in the roll, and admits of no alteration, averment, or proof to the contrary. 1 Rob. old Prac. 688, quoting from 3 Tho. Co. Lit. 323.
Formally and regularly, a bill of exceptions purports to be tendered and signed when, or immediately after, the opinion excepted to is given; and certainly, if convenient, the facts could then be set out more accurately and with less difficulty than at any other-time. It is admitted in all the cases, everywhere, that at least the exception must be taken at the time, so as to give notice of it to the adverse party; and some of the cases require that the substance of the exception should be stated in writing at the time. And all of *535 them seem to admit, that on exception being properly-taken at the time, a formal bill of exceptions may be drawn up and tendered by the exceptant at such time afterwards, during the same term, as may be prescribed or allowed by the court. Convenience seems to require this measure of indulgence, but does not seem to require more; and to give more would create dangers and difficulties, which are obvious, and ought to be avoided if possible without encountering greater evils. Generally, a bill of exceptions may conveniently be prepared and tendered when the opinion excepted to is delivered, or during the trial, and almost always it may be done during the same term of the court. And in the very rare cases in which that cannot be done, the ease could be kept open and continued until the next term; or by consent of the court, and all the parties entered of record, a day in the next term might be named by an order of the court for tendering and signing the bill of exceptions, to be done only on that day, unless the time for doing so should he then further enlarged by a like consent, and so on. We think that a practice of that kind would answer every purpose of necessity or convenience.
And now let us see whether there be any law or decision or settled practice of this state which requires or authorizes us to go farther than is above indicated in favor of the right of tendering bills of exception.
We have no special statute in this state, as there is in several other states of the union, expressly giving a right to tender a bill of exceptions at- a succeeding term to that during which the judgment is rendered. The only statute we have on the subject is the Code, ch. 173, § 8, p. 1119, which stands in the place of 1 R. C. of 1819, ch. 133, p. 523. That act was taken from *536 the statute of Westm. 2, 13 Ed. 1, c. 31, and is almost in the same identical words. It continued on our statute books-in the same quaint language, which by successive changes in our judicial system had become very awkward, and to some extent unintelligible, down to the period of our revision in 1849, when it was materially modified and curtailed by the revisors, and the law as it now stands in our code was recommended by them and adopted by the legislature. There is nothing in the law as it stood in the Code of 1819, which seems to afford any warrant for the idea, that it authorized a bill of exceptions to be tendered to the court after the end of the term at which the judgment complained of was rendered. It is said that the law prescribed no period for tendering the bill, which might therefore be tendered at any convenient time. But the very nature of the case implied that the bill should be tendered at the same time, or at least during the same term, at which the judgment was rendered. The bill was to be a part of the record, which would be unalterable and unamendable by the same court, except for a clerical error, after the end of the term. It was therefore unnecessary expressly to name what was so plainly implied. We think that the early and leading case of Wright v. Sharp, 1 Salk. R. 288, decided by Lord Chief Justice Holt, shows that this was the then construction of the statute. But if there could be any doubt about the construction of that statute, there ought we think, to be none in the construction of the law as it now stands in the code. The words of it are: “In the trial of a case at law in which an appeal, writ of error or supersedeas lies to a higher court, a party may except to any opinion of the court and tender a bill of exceptions, which (if the truth of the case be fairly stated therein) the judge or justices, or the *537 greater part of those present, shall sign; and it shall be a part of the record of the case.” In the trial of a •case a party may except and tender his bill of excep- ■ tion8. Not after the trial, and at another and different term, after the case had been ended. The trial may be considered as lasting during the term at which it ■occurred, for the purpose of completing the record by signing bills of exception in the case, but not during a succeeding term.
We have no decision of this court which authorizes us to go to the extent now claimed. It is somewhat singular that numerous as are the eases which have been cited from the reports of other states, there is but one in the reports of this state on the subject to which we were referred in the argument, and that is the case of Washington & New Orleans Telegraph Co. v. Holson & Son, 15 Gratt. 122. That case, we think, strongly maintains, if it does not conclusively establish, the views we have already presented on the subject. In that ease it was held, as stated by the reporter, that “it must appear from the record that a point decided by the court has been saved before the jury retires; though the exception may be prepared and may be signed by the judge either during the trial or after it is ended, during the same term. If this appear from the whole record, it is sufficient, though it is not expressly stated in the bill of exceptions, but if it does not so appear from the record, the appellate court cannot review the judgment of the court below on the point.” The portion of the case extending from page 134 to 143 is pertinent and material to the question we are now considering. Judge Daniel, in delivering his opinion in that case, in which all the other judges concurred, at least so far as is material to this case, makes the following remarks in regard to our practice *538 which seem to he pertinent to our present inquiry r “ According to our practice, it is not necessary that a bill of exceptions should be tendered immediately on the transpiring or happening of the action of the court; to which a party excepts. It is true, that when the-character of the exceptions is such that little delay is-occasioned by the preparation of the bill of exceptions^ it is sometimes immediately prepared and disposed of; and, in such a case, a memorandum of the transactions; is usually made in the minutes of the proceedings of the day. But as in a great number, perhaps a majority, of cases, serious delay and inconvenience would result from stopping the progress of the trial to prepare bills of exceptions to the rulings of the court, a practice, sanctioned by long usage, has prevailed, for the counsel desiring to except to any opinion of the court given against them on the trial, simply to state to the court that they intend to save the point and ask the court to Dote the exception, and afterwards, during' the term, to prepare the bill of exceptions and tender it to the court for its signature”—page 137. “Little aid in determining the question under consideration is-derived from a reference to the decisions of other states; as each state has moulded for itself, either by statute or the decisions of its courts, a practice in the matter of bills of exceptions varying in a greater or less degree from the practice observed in any other-state,” &c.—page 141.
There is a subsequent decision of this court on the subject which was not referred to in the argument, no-doubt because, being a very recent decision it therefore escaped the observation of counsel. We mean the case of Martz’s ex’or v. Martz’s heirs, 25 Gratt. 361. But that case is only confirmatory of what was decided in the case cited from 15 Gratt., supra.
*539 We think there has been no such general practice in this state as is contended for in this ease, to authorize bills of excéptions to be tendered and signed after the term during which the cause to which the exceptions apply was decided, and certainly there is no sanction to be found for such a practice in any law or decision of the state. On the contrary, the only law and decision we have upon the subject, seem to be adverse to the legality of such a practice.
erred in giving to the plaintiff until the first day of the next term after that at which the judgment was rendered, to file his bill of exceptions. We are, therefore, of opinion that the circuit court
It might well be questioned, whether the exception taken at the time of the trial was sufficiently specific to inform the defendant of the precise nature of the exception intended to be taken, whether it was to the whole judgment, or some particular point embraced in it. But it is unnecessary to decide that question.
But if we were wrong in deciding that the circuit court erred in giving the plaintiff until the first day of the next term after the judgment was rendered, to file his bill of exceptions, we are clearly of opinion that the said court did not err in refusing to sign the bill of exceptions which was not tendered until long after the first day of the next term, to wit: the 5th day of February 1872; that is, not until the 9th day of April 1872. Many of the cases cited in the argument show that even where a statute expressly authorizes a bill of exceptions to be tendered on a certain day of a succeeding term.to be named by the court, such bill cannot be tendered after that day; at least, unless for good cause shown, the time is enlarged on that day, and the parties are duly informed of such enlargement. If such a course could be pursued *540 without express statutory authority, of-course there would be at least as much necessity for complying strictly with the terms of the permission in that case as in a case in which such statutory authority existed.
As the decision which we have made excludes the bill of exceptions from the record, it is decisive of the whole case. We are, therefore, of opinion that there is no error in the judgment of the circuit court, and that it must be affirmed.
Judgment aeeirmed.